**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1255 West 15th St., 805
Plano, TX 75075
**T**  972-578-1400
**F**  972-346-6791

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**STACI WRIGHT**<br>XXX-XX-8986<br>166 Chrissa Drive<br>Pottsboro, TX 75076<br><br>DEBTOR | Case No.:   18-41677-R<br><br><br>Chapter:   11 |
| **STACI WRIGHT,**<br><br>Plaintiff,<br><br>v.<br><br>**GREGORY S. MENTA,**<br><br>Defendant. | Adversary Case No.:  19-04021 |

## STACI WRIGHT'S MOTION FOR SUMMARY JUDGMENT
### [Fed.R.Civ.P. 56(c)]

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, **Staci Wright**, the debtor and plaintiff herein ("**Wright**" or "**Plaintiff**"), and files this *Staci Wright's Motion for Summary Judgment [Fed.R.Civ.P. 56(c)]* by and through the undersigned attorney.  In support thereof the Plaintiff respectfully shows the Court as follows:

        I.        <u>**UNDISPUTED FACTS SUPPORTING SUMMARY JUDGMENT**</u>

1.  This case was commenced by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on **August 1 16, 2018** (the "<u>**Petition Date**</u>").  **Exhibit 1, SW001**.

2. Gregory S. Menta ("**Menta**" or **"Defendant"**) filed a *Proof of Claim* on November 28, 2018 [Claim No. 16-1] (the "**Menta Claim**"). **Exhibit 2, SW007**.

## II. PRELIMINARY STATEMENT

3. Plaintiff filed the subject adversary proceeding on **Friday, February 15, 2019**, asking this Court to void any and all interests Defendant has in Plaintiff's Pre-Divorce Decree Community Property (defined *infra*) pursuant to 11 U.S.C. § 544.

4. Plaintiff asserts such interests are voidable as they are inferior to the Plaintiff's "strong arm" powers under 11 U.S.C. § 544. Further, upon avoidance, Defendant will no longer be a creditor or claim holder in the subject bankruptcy case.

### A. The Save Phace Business Enterprise

5. Plaintiff and her former husband, Jerry Wright, owned the following business enterprises, directly or indirectly, **prior to their divorce**.

    a. 100% of the equity securities in TWS, Inc. ("**TWS**") [**Exhibit 3, SW072**];

        i. TWS owned 100% of the equity securities in Save Phace, Inc. ("**SP**") [**Exhibit 4, SW118**];

        ii. TWS owned 90% of the equity securities in TTAC, Inc. ("**TTAC**") (the remaining 10% was owned by five (5) non-insider, non-affiliated persons) [**Exhibit 5, SW119**]; and

    b. 100% of the membership interests of JSAJ, LLC ("**JSAJ**") [**Exhibit 6, SW120**].

6. TTAC was a corporation organized under the laws of the State of Texas. TTAC designed, manufactured and sold face protection products.

7. SP is a corporation organized under the laws of the State of Texas and is the reorganized consolidated debtor under the terms of the Save Phace Plan (defined *infra*). Reorganized Save Phace (defined *infra*) presently designs, manufactures and sells face protection products.

8. JSAJ was a limited liability corporation organized under the laws of the State of Texas. JSAJ owned certain real property that was used by TTAC and SP in their businesses.

9. SP, TTAC and JSAJ (collectively, "**Save Phace**"), while separate legal entities, ran a consolidated business in which they designed, manufactured and sold face protection products for use in sports and welding. SP sold its products to retailers and directly to consumers. TTAC sold its products to original equipment manufacturers. JSAJ owned the real property that TTAC and SP used in their businesses. The products sold by Save Phace are protected by patents which were then owned by Jerry Wright.

### B. Patent Litigation

10. On January 17, 2012, Defendant filed a lawsuit against Plaintiff, Jerry Wright and Save Phace ("**Patent Litigation**") respecting some of the aforementioned patents.

11. Subsequently Defendant, Plaintiff, Jerry Wright and Save Phace agreed to arbitrate all claims raised in the Patent Litigation. **Exhibit 2, SW019**. On March 28, 2014, the arbitrator issued the Amended Final Arbitration Award against Save Phace and Jerry Wright (**Plaintiff is not a judgment debtor under the Amended Final Arbitration Award**) which awarded Menta $962,830.27 [**Exhibit 2, SW022**] in damages, $595,079.47 [**Exhibit 2, SW022**] in attorneys' fees, costs and expenses, and co-ownership of certain patents ("**Patents**") [**Exhibit 2, SW023**].

**Exhibit 2, SW019-SW024**. As discussed *infra*, the Amended Final Arbitration Award was made an Order and Final Judgment on February 4, 2015. **Exhibit 2, SW018-SW024**.

### C. Save Phace Chapter 11 Proceedings

12. On April 8, 2014, Save Phace filed for protection under chapter 11 of the United States Bankruptcy Code in the Eastern District of Texas, Sherman Division. Case numbers for each of the entities are as follows:

    a. TTAC: 14-40765-BTR-11;

    b. Phace: 14-40766-BTR-11; and

    c. JSAJ: 14-40767-BTR-11. **Exhibit 7, SW122**.

    d. By order entered on April 11, 2014 [14-40765 Docket Entry No. 24], the Save Phace entities were ordered to be jointly administered. **Exhibit 7, SW127-SW128**.

13. During the Save Phace bankruptcy case, Defendant asked the Bankruptcy Court to modify the automatic stay to permit him to convert the Amended Award to a judgment [14-40765 Docket Entry No. 32]. **Exhibit 7, SW129**.

14. The Bankruptcy Court, by order entered on June 9, 2014, modified the automatic stay to allow the Defendant to attain a judgment and proceed with any appeals [14-40765 Docket Entry No. 80]. **Exhibit 7, SW138**.

15. Defendant asked the 59th Judicial District Court for Grayson County, Texas (the "**State Court**") to convert the Amended Final Arbitration Award to judgment. Jerry and Staci Wright objected to Defendant's request and asked the State Court to modify or vacate the Amended Final Arbitration Award on several bases.

16. On October 2, 2014, the Court confirmed Save Phace's Plan of Reorganization [14-40765 Docket Entry No. 173] (the "**Final Plan**") from the bench, and on October 10, 2014 the Confirmation Order [14-40765 Docket Entry No. 178] and findings of fact and conclusions of law [14-40765 Docket Entry No. 177] regarding the Final Plan were entered (collectively, the "**Confirmation Order**"). **Exhibit 7, SW161-SW163**.

17. The Final Plan provided for the substantive consolidation of TTAC and JSAJ into SP, which consolidated entity would operate under the name Save Phace, Inc. ("**Reorganized Save Phace**"). **Exhibit 8, SW197**.

18. The foregoing issues concerning the entry of a Final Judgment (defined *infra*) by the State Court resulted in the Bankruptcy Court, on October 14, 2014, entering an Order Granting Amended Expedited Motion Under 11 U.S.C. §1127(b) to Approve Modifications to Confirmed Plan of Reorganization and Findings of Fact and Conclusions of Law [14-40765 Docket Entry No. 193] (the "**Post Confirmation Modification Order**" and together with the Confirmation Order, the "**Final Order**"). **Exhibit 7, SW166-SW167**.

19. The Final Order incorporates and memorializes the terms of the Final Plan of reorganization as modified (the "**Save Phace Plan**"). **Exhibits 9 and 10**.

20. Consistent with the terms of the Save Phace Plan, the Final Arbitration Award was made into an Order and Final Judgment on February 4, 2015 ("**Final Judgment**"). **Exhibit 11, SW279-280**.

### E. Plaintiff's Divorce

21. Jerry Wright and the Plaintiff were parties to a divorce proceeding ("**Divorce Proceeding**") commenced in the 397th Judicial District Court, Grayson County, Texas ("**Divorce Court**"), Cause No. FA-13-1735. **Exhibit 2, SW025**.

22. On March 8, 2017, the Divorce Court entered an Agreed Final Decree of Divorce ("**Divorce Decree**"). **Exhibit 2, SW025-SW064**.

23. On May 22, 2017, the Divorce Court entered an Agreed Order Modifying Agreed Final Decree of Divorce ("**Divorce Decree Amendment**" and together with the Divorce Decree, the "**Modified Divorce Decree**"). **Exhibit 2, SW065-SW068**.

24. The Modified Divorce Decree provides as follows in pertinent part:

> No provision of this Decree or Agreement alters the liability to Gregory Menta of joint community property of Staci Wright, or of joint or sole management or separate property of Jerry Wright under the Texas Family Code, as the same existed on the date of said Order and Final Judgment in Cause Number CV-12-0093 was entered, in the event of an uncured default under the Plan.

**Exhibit 2, SW067**.

25. The foregoing makes clear Defendant retained a right to collect his Allowed Claim from the Plaintiff's community property as existed prior to the entry of the Divorce Decree, including, without limitation, the Patents (the "**Plaintiff's Pre-Divorce Decree Community Property**"), after those assets became the separate property of the Plaintiff.

26. The Modified Divorce Decree and the Final Judgment also make clear Plaintiff is not **personally** liable to Defendant.

27. Defendant, other than his intervention in the Divorce Proceeding, has taken no other action to secure or perfect his interest in the Plaintiff's Pre-Divorce Decree Community Property.

28. Defendant is the holder of a non-recourse claim against the Plaintiff's Pre-Divorce Decree Community Property, which interest is not secured or perfected.

### III. STATEMENT OF ISSUES

29. Whether Plaintiff may avoid the interests of Defendant in the Pre-Divorce Decree Community Property pursuant to 11 U.S.C. § 544.

### IV. ARGUMENT AND AUTHORITIES

#### A. Legal Standard

30. Summary judgment is proper in any case where there is no genuine issue of material fact as determined by the court based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, the court determines that there is no genuine issue of material fact and judgment is proper as a matter of law." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000); Fed. R. Civ. P. 56(c). However, the non-moving party must show by specific facts that there is genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, "[w]ere the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment should be granted for the movant. *Id.* at 587.

### B. No Need for Discovery

31. Summary judgment is typically appropriate only "after adequate time for discovery." *Celotex*, 477 U.S. at 322 (1986). It is only "in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *See Hellstrom v. U.S. Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Thus, "[s]ummary judgment should not ordinarily be granted before discovery has been completed." *Travelers Prop. Cas. Co. of Am. v. Dillard's Inc.*, 2008 WL 886099, at *2 (S.D. Miss. Mar. 28, 2008) (citing *Alabama Farm Bureau Mutual Cas. Co., Inc. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir.1979)).

32. This is one of those "rarest of cases" as evidenced by the undisputed material facts set forth herein.

### C. Burden of Proof

33. The Plaintiff bears the burden of proof respecting the avoidance of Defendant's interest in Plaintiff's Pre-Divorce Decree Community Property. *In re Medcorp. Inc.*, 472 B.R. 444, 450 (Bankr. N.D. Ohio 2012) ("The party moving for the applicability of § 544(a)(1), here the Trustee, carries the burden of proof to show the applicability of the provision.").

### V. UNDISPUTED MATERIAL FACTS

34. The following facts are undisputed and material and derived **solely** from the proof of claim filed by Defendant:

| UNDISPUTED MATERAIL FACTS | EVIDENCE |
|---|---|
| Plaintiff owns a 94.34034% equity interest in Save Phace | **Exhibit 2, SW060-SW061** |
| Plaintiff owns 100% of a co-ownership interest in the Patents as her | **Exhibit 2, SW014,** |

| | |
|---|---|
| separate property | **SW067** |
| Plaintiff is not personally liable to Defendant | **Exhibit 2, SW022, SW054, SW055** |
| Defendant retained the ability to collect the Final Judgment from Plaintiff's Pre-Divorce Decree Community Property | **Exhibit 2, SW067** |
| The Plaintiff's Pre-Divorce Decree Community Property includes the Patents | **Exhibit 2, SW067** |
| Defendant does not have a lien upon Plaintiff's Pre-Divorce Decree Community Property | **Exhibit 2, SW008** |
| Whatever interest Defendant has in the Plaintiff's Pre-Divorce Decree Community Property is not perfected | **Exhibit 2, SW008** |

### B.  The Section 544 Claim

35. Section 544 of the Bankruptcy Code states in pertinent part as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

11 U.S.C. § 544(a)(1).

36. There is no doubt the Defendant has an interest in the Plaintiff's Pre-Divorce Decree Community Property. Further, it is clear that such interest is the same as such rights as were in place prior to the Plaintiff's divorce from Jerry Wright.

37. Nonetheless, such rights do not arise to the level of a perfected security interest in the Plaintiff's Pre-Divorce Decree Community Property.

38. A judgment lien upon Plaintiff's Pre-Divorce Decree Community Property as of the Petition date pursuant to 11 U.S.C. § 544(a)(1) is superior to the rights of Defendant in Plaintiff's Pre-Divorce Decree Community Property.

39. Plaintiff, *qua* trustee, has the absolute right to avoid whatever interest Defendant has in Plaintiff's Pre-Divorce Decree Community Property. 11 U.S.C. § 544(a)(1).

## VI. CONCLUSION

40. In summary, the rights of Defendant in the Plaintiff's Pre-Divorce Decree Community Property are inferior to the rights of the Plaintiff in Plaintiff's Pre-Divorce Decree Community Property and may, therefore be avoided. 11 U.S.C. § 544(a)(1).

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the Motion and void any interests Defendant has in Plaintiff's Pre-Divorce Decree Community Property, including without limitation, the Patents; and for such other and further relief as this Court might deem just and proper.

Respectfully submitted,

Dated: **February 18, 2019**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
T 972-578-1400
F 972-346-6791
**Counsel for Staci Wright, Plaintiff**

### CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **18th day of February, 2019**. Where possible,

service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first class mail.

### PLAINTIFF

**Ms. Staci Wright**
166 Chrissa Drive
Pottsboro, TX 75076

### TRUSTEE

**Office of the United States Trustee**
110 N. College Avenue
Suite 300
Tyler, TX 75702

### DEFENDANT

**Gregory Menta**
c/o Sean J. McCaffity
Sommerman, McCaffity & Quesada, LLP
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219


*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**  robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**  mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**      972-578-1400
**F**      972-346-6791